IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WATERFLEET LLC, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL NO. 5-25-cv-01090-JKP-HJB | |
| § | | |
| CARIE L. VILLANO, § | JURY TRIAL REQUESTED | |
| *Defendant.* § | | |

**DEFENDANT CARIE L. VILLANO'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER
FEDERAL RULE CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Carie L. Villano, by her attorneys Kaplan Law Firm, PLLC, hereby respectfully moves this Court to dismiss Plaintiff's Count II for fraud by omission, Count III for fraud, and Count IV for breach of fiduciary duty pursuant to Federal Rules of Civil Procedure 12(b)(6). In support of her motion, Mrs. Villano states as follows:

**I.     INTRODUCTION**

Plaintiff, Mrs. Villano's former employer, fired Mrs. Villano and filed its Original Complaint on September 2, 2025 [ECF No. 1] after the Parties failed to resolve Mrs. Villano's pending sexual harassment claims against it at mediation.

Pursuant to the Standing Order [ECF No. 4], Mrs. Villano provided Plaintiff with notification of the Complaint's deficiencies and the expected basis of Mrs. Villano's Motion to Dismiss on September 19, 2025. In response, Plaintiff filed its Advisory of Intent to Amend [ECF No. 10] on September 26, 2025, and submitted its Amended Complaint [ECF No. 12] on October 3, 2025. Despite the amendments, Counts II, III and IV remain deficient and fail to state claims

upon which relief can be granted. Mrs. Villano now moves to dismiss those counts under Rule 12(b)(6).

## II. LEGAL STANDARD

Every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. *Bauer v. AGCO Corp.*, 770 F. Supp. 3d 957, 961 (W.D. Tex. (2025) (J. Pulliam) (citing *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-58, 570. A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To warrant dismissal under 12(b)(6), a complaint must show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bauer*, 770 F. Supp. 3d at 961 (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). Dismissal may either be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

Here, both bases for dismissal are present. Counts II and III of Plaintiff's Amended Complaint [ECF No. 12] fails because it does not allege the facts necessary to make out a fraud claim with the specificity required by Rule 9(b). *See* FED. R. CIV. P. 9(b). Plaintiff improperly attempts to dress its breach of contract claim as fraud claims by asserting vague and conclusory generalities. Count IV fails because it is premised on a non-cognizable legal theory: Texas law does not impose fiduciary duties of the sort described by Plaintiff on an at-will employee such as Villano. *See Johnson v. Brewer & Pritchard*, P.C., 73 S.W.3d 193, 203 (Tex. 2002) (holding contractual obligations do not inherently create fiduciary duties under law); *see also Heat Shrink*

*Innovations, LLC v. Med. Extrusion Techs.–Texas, Inc.*, No. 02-12-00512-CV. at *27-28 (Tex. App. Oct. 16, 2014) (collecting cases) (breach of fiduciary duty claims against at-will employees are not cognizable absent allegations employee misused confidential or proprietary information, as at-will employees owe no fiduciary duties to their employers beyond protecting such information).

### III. ARGUMENT

**A. Count II (Fraud by Omission) Fails Because Plaintiff Has Not Adequately Pled: (i) Any Duty to Disclose; or (ii) Any Fraudulent Omissions.**

As set forth in Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Courts apply Rule 9(b) to "weed out meritless fraud claims sooner than later" with "bite and without apology." *United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).

1. **Plaintiff Has Not Plausibly Alleged Any Duty to Disclose.**

"Failure to disclose information does not generally constitute fraud unless there is a duty to disclose the information." *Campbell v. Abrazo Adoption Assocs.*, No. 04-07-00093-CV, 2007 Tex. App. LEXIS 8804, at *11 (Tex. App.—San Antonio Nov. 7, 2007, pet. denied) (*citing Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). "A duty to disclose may arise when: (1) the parties have a confidential or fiduciary relationship; (2) one party voluntarily discloses partial information, which gives rise to the duty to disclose the whole truth; (3) one party makes a representation, which gives rise to the duty to disclose new information the party is aware of that

makes the earlier representation misleading or untrue; or (4) one party makes a partial disclosure and conveys a false impression, which gives rise to the duty to speak." *Id.* Such a duty "will not arise simply by virtue of a business transaction; the special relationship must exist prior to, and apart from, the agreement made the basis of the suit." *Id.*

In its Amended Complaint, Plaintiff cites passages from the Employment Agreement and its Employee Handbook and broadly alleges that as "Sales Operations Manager, key employee, and fiduciary, Villano had a duty to inform the company if she could not work or would not work, or had not worked, on a given workday. Villano also had a duty to tell WaterFleet if she was unable or unwilling to perform the duties for which she was expressly hired, or could not or would not do the projects and tasks that she was assigned." [ECF No. 12, ¶ 36-37].

The duties articulated by Plaintiff, by definition, exist solely as a byproduct of the employment agreement made the basis of this suit, as demonstrated by Plaintiff's reliance upon the Employment Agreement and its Employment Handbook to articulate them. *Id*. Further, as set forth below, Plaintiff fiduciary duties do not give rise to a duty to disclose of the sort required by Texas law to support fraud by omission. *See infra*, § III(C). The notion that an employee commits actionable fraud by failing to notify her employer of absences or failing to complete assigned projects has no basis in Texas law.

Plaintiff is free to enact, and apparently has enacted, internal policies for at-will employees concerning adequate notice for personal time off and mandatory minimum working hours to the extent permitted by state and federal law. If an at-will employee fails or refuses to abide by these policies, Plaintiff is free to take corrective action or terminate their employment. Moreover, if the employee's failure or refusal also materially breaches a term of an enforceable employment agreement and causes actionable damages, then Plaintiff may recover those damages in a breach

of contract action. However, Villano is unaware of any authority indicating that a "Sales Operations Manager", "key employee", or any other salaried and at-will employee has an independent legal duty, outside of their employment agreement, to affirmatively notify their employer when they have "not worked in a given day" or "could not or would not do" assigned projects or tasks—or else face civil fraud liability.

Plaintiff has not pled any plausible duty to disclose owed by Mrs. Villano, a necessary element of Count II, and this Count should be dismissed.

2. **Plaintiff Has Not Particularly Stated the Circumstances Constituting Fraud by Omission.**

Even if Mrs. Villano owed a duty to disclose as described by Plaintiff, Plaintiff has not otherwise alleged any omission with particularity in violation of Rule 9(b)'s heightened standard.

Plaintiff alleges in entirely conclusory terms that Villano took time off without proper notification and was "frequently absent from the workplace", but fails to specify a single date, time, or place of such occurrences. [ECF No. 12, ¶¶ 14-19, 36-42]. Plaintiff alleges that Mrs. Villano failed to complete certain projects, but fails to disclose when they were assigned, who assigned them, or when, where, or how Villano "represented she could and would do" them. [ECF No. 12, ¶ 15].

Plaintiff also does not articulate how any of these alleged omissions are fraudulent. Plaintiff could plainly see whether Villano was present in its office and whether tasks and assignments were being completed in a timely manner and had equal access to this information—entirely undermining Mrs. Villano's intent to defraud and rendering its reliance on these alleged omissions nonsensical. *See, e.g., Rymes v. Caribbean Cowboy, LLC*, No. 04-12-00032-CV, 2013 Tex. App. LEXIS 790, at *12 (Tex. App.—San Antonio Jan. 30, 2013, *pet. denied*) (setting forth the necessary elements of common law fraud).

Accordingly, Plaintiff's fraud by omission claim fails on the pleadings alone and should be dismissed.

**B. Count III (Fraud) Fails Because Plaintiff Has Not Particularly Described Any Fraudulent Conduct by Mrs. Villano.**

Similarly, Count III is subject to the heightened pleading standard required by Rule 9(b), and fails for the same reasons.

Plaintiff's Count III primarily relies upon certain calendar entries by Mrs. Villano titled "focus time", "heads down" and/or simply "out of office", which it says were "phony and intentionally misleading" to "deliberately misrepresent…that she was working when, in fact, she was not." [ECF No. 12, ¶¶ 43-51]. Plaintiff alludes to unspecified entries on "January 11-12, February 21, April 12, April 26, May 6, June 24, July 5, and July 26, 2024" generally as examples, yet it fails to identify any particular statements made on any of these days as required by Rule 9(b).

Moreover, even if Plaintiff properly identified the specific statements made by Mrs. Villano on these days, it has not identified how these statements are fraudulent. The notion that any of these statements amount to actionable material misrepresentations intended to defraud Plaintiff as suggested is implausible even taken as true, given that none of them indicate that she was working when she was not, as is Plaintiff's suggestion that, despite apparently assenting to Mrs. Villano's public calendar usage from January 2024 until September 2025 without incident or investigation, it would have ceased paying her the annual salary that she was entitled to based on these incidents.

Plaintiff has failed to particularly or even plausibly state an actionable claim for fraud, and this claim should be dismissed.

**C. Count IV (Breach of Fiduciary Duty) Fails Because Texas Law Imposes No Fiduciary Duty on At-Will Employees of the Type Described in Plaintiff's Complaint**

Plaintiff fails to allege a plausible claim for breach of fiduciary duty and their claim should be dismissed. Texas law is clear that at-will employees do not owe broad fiduciary duties to their employers simply by virtue of the employment relationship. *See Johnson*, 73 S.W.3d at 200-02 Tex. 2002). The limited fiduciary duties that do exist for at-will employees are narrow and well-defined, and Plaintiff's allegations fall outside the scope of any cognizable theory under Texas law.

1. **Villano Was an At-Will Employee Under Texas Law**

Texas is an at-will employment state, and Villano's employment relationship with WaterFleet was unquestionably at-will. *See Ritchie v. Rupe*, 443 S.W. 3d. 856, 885 (Tex. 2014). Villano's contract with WaterFleet explicitly states Villano's employment was at-will and terminable at any time. [ECF No. 1, Ex A, ¶ 1]. Plaintiff acknowledges this fundamental characteristic of the employment relationship in Paragraph 23 of the Amended Complaint. [ECF No. 12, ¶ 23].

This at-will employment status is determinative of what fiduciary duties, if any, existed between the parties. *See Johnson*, 73 S.W.3d at 200-02. Texas law recognizes at-will employees do not owe absolute duties of loyalty to their employers. *Id.* Even if a contract says the employee has certain contractual obligation, that "contractual obligation does not generally give rise to a fiduciary duty." *Id.* at 203.

In fact, Texas courts have consistently held at-will employees only owe two fiduciary duties to employers: (1) not to appropriate company trade secrets or confidential information; and (2) not to solicit the employer's customers or other employees to leave. *See id.*; *Diakiw v. Stites Mgmt.*, L.L.C., 693 S.W.3d 582, 598-99 (Tex. App.—Houston [14th Dist.] 2023, *pet. denied*); *see*

*also Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 511-512 (Tex. App.—Houston [1st Dist.] 2003, *no pet.*).

Employers seeking to impose additional obligations upon employees must do so through express contractual provisions. *See id.* ("An employee may agree in a contract with his or her employer not to make any referrals at all to another firm or lawyer, even if the employee receives no referral fee or other payment. But we will not elevate such a consensual, contractual duty into a fiduciary duty imposed by law.").

2. **The Alleged "Duty to Inform" Does Not Create a Fiduciary Relationship**

Similarly to its fraud claim, Plaintiff identifies their theory for breach-of-fiduciary duty in Paragraph 54 of their Amended Complaint [ECF No. 12, ¶ 54]:

> As WaterFleet's Sales Operations Manager, Villano had a duty to inform the company if she could not or would not work on a given workday. As alleged herein, however, on numerous occasions, Villano breached that duty by failing to inform WaterFleet that she would not be working. On one or more occasions Villano misrepresented to the company that she was working when she was not. Villano's misrepresentations and omissions were made with the intent that WaterFleet would continue paying her substantial salary.

Plaintiff's theory as a matter of law does not make out a legally cognizable claim because it does not allege either of the two recognized bases for fiduciary duty liability. *See Johnson*, 73 S.W.3d at 203. Plaintiff makes no allegation whatsoever Villano misused, disclosed, or misappropriated any confidential or proprietary information belonging to WaterFleet. Plaintiff does not allege Villano solicited WaterFleet's customers or employees to leave the company. Instead, Plaintiff's entire theory for Villano's supposed breach of fiduciary duty relies on allegations of poor work performance, missed deadlines, substandard work product, and unauthorized absences [ECF No. 12, ¶ 54] — allegations that, even if true, describe breaches of

contractual obligations or basic employment expectations, not breaches of fiduciary duty. [ECF No. 12 ¶¶ 14-20, 54].

WaterFleet attempts to create and impose a new fiduciary duty and liability based on Villano's purported failure to notify the company when she was not working or could not perform certain tasks. Plaintiff's theory and logic would subject any employee who allegedly performed poorly, missed work, failed to meet expectations, or failed to communicate adequately a fiduciary duty liability, completely undermining at-will doctrine in Texas. Plaintiff's attempt to expand those duties to encompass ordinary performance obligations finds no support in Texas law and should be rejected.

## IV.  CONCLUSION

Because the Amended Complaint fails to state a valid fraud claim and breach of fiduciary duty against Villano and Plaintiff has failed to cure its defects despite having notice of them and the opportunity to amend, Villano requests the Court enter an order dismissing Plaintiff's Count II, III and Count IV with prejudice pursuant to the Court's Standing Order.

Respectfully submitted this 24th day of October 2025.

**Kaplan Law Firm, PLLC**

*/s/ Trenton Lacy*
**Trenton Lacy**
Texas State Bar No. 24106176
tlacy@kaplanlawatx.com

**COUNSEL FOR CARIE L. VILLANO**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Villano complied with Judge Pulliam's Standing Order. Villano sent an email to Plaintiff's counsel on September 19, 2025, stating Villano's intent to file a Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), the basis for said motion, and the deadlines set forth in the Court's Standing Order. Plaintiff Waterfleet filed a Notice of Intent to Amend Complaint [ECF No. 10] on September 26, 2025, and his Amended Complaint [ECF No. 12] on October 3, 2025. Plaintiff files this Motion to Dismiss pursuant to the Standing Order, which states that "[i]f the Defendant believes any Amended Complaint is still deficient, the Defendant shall file the Motion within the time prescribed by Federal Rule 12(a)." On October 7, 2025, Plaintiff served its Amended Complaint and requested a waiver of service for the same pursuant to Federal Rule of Civil Procedure 12(a)(1)(a)(ii), which Defendant waived that same day.

*/s/ Trenton Lacy*
Trenton Lacy

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by electronic notification, per Local Rule 5.1(e) and Federal Rule of Civil Procedure 5(b)(2)(E), to the persons and entities registered with CM/ECF on this 24th day of October 2025.

*/s/ Trenton Lacy*
Trenton Lacy