UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WATERFLEET LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. SA—25-CV-01090 |
| | ) | |
| v. | ) | Judge Michaela Alvarez |
| | ) | Magistrate Judge Henry J. Bemporad |
| CARIE L. VILLANO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff WaterFleet, LLC ("WaterFleet" or "Plaintiff"), by and through its undersigned counsel of record, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Local Rule CV-7, hereby submits its Response in Opposition to the Partial Motion to Dismiss filed by Defendant Carie Villano ("Villano" or "Defendant"). For the reasons stated herein, the Motion should be denied.

## I.    INTRODUCTION

Defendant's motion to dismiss Counts II (fraud by omission), III (fraud), and IV (breach of fiduciary duty) should be denied because it ignores the well-pleaded allegations of the Amended Complaint, attempts to deny those allegations, and relies on several clear misapprehensions of Texas law. As demonstrated in this Response, the Amended Complaint alleges more than sufficient facts to show that Villano was WaterFleet's fiduciary and, as a result, owed a duty to disclose to WaterFleet matters that impacted its business. This included disclosing that she was unilaterally taking large swaths of time off without authorization and could not, or would not, perform the important tasks she was hired to do. In addition, the Amended Complaint alleges that Villano

undertook a duty to disclose as a result of her making incomplete, misleading, and partial disclosures to the company.

Further, the Amended Complaint complies with Rules 8(a) and 9(b) by alleging with requisite specificity the circumstances of her misconduct. As alleged in the Amended Complaint, Villano willfully failed to fulfill her duty of full disclosure. Villano repeatedly and deliberately misled the company into believing that she was ready, willing and able to perform the critical projects she was hired to do and misled the company into thinking that she was hard at work on those projects when she was, in fact, shirking. Moreover, the Amended Complaint adequately alleges that Villano affirmatively, and fraudulently, misrepresented to WaterFleet that she was working for WaterFleet when, in fact, she was not.

While Villano was avoiding her fiduciary responsibilities and using her working hours for her own selfish purposes, WaterFleet was paying her $180,000 a year, plus benefits. Contrary to the specious and meritless arguments Villano makes in the Motion, the Amended Complaint's fraud by omission, fraud, and breach of fiduciary duty claims are well-pleaded, and easily withstand her Rule 12(b)(6) motion. The Motion should be denied.

## II. LEGAL STANDARD

To defeat a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible if the plaintiff alleges facts that, accepted as true, allow a court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). Courts therefore must "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the

plaintiff[.]" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

When moving to dismiss under to Rule 12(b)(6), the movant is not permitted to introduce facts that are not in the complaint. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). Likewise, the court's determination of whether a plaintiff has adequately stated a claim for relief is limited to the "four corners" of the complaint itself. *Young v. City of Houston*, 599 Fed. Appx. 553, 555 (5th Cir. 2015) ("Our inquiry into whether Young has adequately stated a claim for relief is limited to the four corners of the complaint.")

### III. ARGUMENT

The Court should deny the Motion in its entirety. In Section A.1, below, WaterFleet demonstrates that: (a) the Amended Complaint adequately alleges Villano's status as WaterFleet's fiduciary; (b) the Amended Complaint adequately alleges that Villano had the duty, as fiduciary, to fully disclose to WaterFleet information about matters affecting the company; (c) Villano also had a duty to disclose based on her self-serving, partial disclosures to WaterFleet; and (d) Villano's remaining contentions regarding the fraud by omission count fail. In Section B, WaterFleet demonstrates that the Amended Complaint alleges sufficient facts regarding the circumstances of Villano's fraud and fraudulent omissions. Finally, in Section C, WaterFleet refutes Villano's arguments concerning WaterFleet's breach of fiduciary duty claim.

**A.  WaterFleet Sufficiently Pleaded Fraud By Omission (Count II)**

   **1.  The Amended Complaint Alleges Sufficient
        Facts Showing That Villano Had A Duty To Disclose**

A claim for fraud by omission lies "when the circumstances impose a duty to speak on the [defendant], and the [defendant] deliberately remains silent." *K.A. West, LLC v. GK Inves., Inc.*, No. 05-11-00617-CV, 2013 Tex. App. LEXIS 11757, *8 (5th Ct. App. 2013). As Villano admits

3

(Mot. at 3-4), the duty to affirmatively disclose information arises where: "(1) the parties have a confidential or fiduciary relationship; (2) one party voluntarily discloses partial information, which gives rise to the duty to disclose the whole truth; (3) one party makes a representation, which gives rise to the duty to disclose new information the party is aware of that makes the earlier representation misleading or untrue; or (4) one party makes a partial disclosure and conveys a false impression, which gives rise to the duty to speak." *Campbell v. Abrazo Adoption Assocs.*, 2007 Tex. App. LEXIS 8804, *11 (4th Ct. App. 2007). Here, the Amended Complaint properly alleges facts showing that Villano had a duty to disclose information regarding her work and working hours to WaterFleet, both because (a) she was WaterFleet's fiduciary and (b) she made incomplete, misleading partial disclosures to WaterFleet. Each basis is addressed below.

    a. **WaterFleet And Villano Had A <u>Confidential and Fiduciary Relationship</u>**

As an initial matter, the Motion seeks dismissal of the fraud by omission claim based on an imaginary black-letter rule in Texas which purportedly precludes at-will employees from being fiduciaries of their employers. There is no such rule. Rather, as demonstrated below, Texas law broadly defines what it is to be a fiduciary and Texas courts have regularly held at-will employees to be fiduciaries of their employers.

Under well-settled Texas law, a fiduciary is "*any* person who occupies a position of peculiar confidence towards another. It refers to integrity and fidelity. It contemplates fair dealing and good faith, rather than legal obligation, as the basis of the transaction." *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002) (emphasis added). In *Johnson,* the Supreme Court held that at-will employees—such as the at-will employee in the case before it—could be fiduciaries of their employers. *Id.* In accordance with *Johnson,* other Texas courts have likewise held that at-will employees can be fiduciaries of their employers. *See, e.g., Pfeiffer v. Ajamie*

4

*PLLC,* 469 F. Supp. 3d 752, 761 (S.D. Tex. 2019) ("Any employee who occupies a position of trust owes fiduciary duties to his employer."); *Salas v. Total Air Servs., LLC*, 550 S.W.3d 683, 695 (8th Ct. App. 2018) (affirming jury finding that at-will employee breached his fiduciary duties to his employer). Thus, the Motion is incorrect. There is no *per se* rule that at-will employees cannot be fiduciaries of their employers, and all arguments Villano makes based on such a purported "rule" should be rejected.

Here, the Amended Complaint alleges that a confidential or fiduciary relationship existed between WaterFleet and Villano, and it also alleges specific facts in support. The pertinent allegations include, without limitation, the following:

- Villano was WaterFleet's "former trusted and highly compensated Sales Operations Manager[.]" (Am. Compl. ¶ 1.)

- "WaterFleet gave Villano a substantial amount of responsibility, detailed in her written job description and employment agreement." (*Id.* ¶ 2.)

- Villano initially reported directly to the Chief Executive Officer of WaterFleet. (*Id.* ¶ 12.)

- Only the CEO could modify Villano's work duties. (¶ 12.) Villano's duties were extremely important to WaterFleet and involved the exercise of independent judgment in matters of significance including being "responsible for driving the success of WaterFleet's sales processes and enablement tools, reporting and analytics programs, and leading initiatives to improve the effectiveness of the sales team to grow profitable revenue." (*Id.*, Ex. B at 1.)

- Villano was provided and/or had access to extensive information regarding WaterFleet's sales, customers, customer relationship management platform, profitability, and other highly sensitive information about WaterFleet. (*Id.* ¶ 15.)

- Villano's position as Sales Operations Manager was a "role of critical strategic importance to the company[.]" (*Id.* ¶ 21.)

- WaterFleet was counting on Villano and her "purported expertise in sales, sales management, market analysis and development, and CRMs to help WaterFleet achieve certain of its core business objectives." (*Id.*)

5

- "Villano encouraged WaterFleet to put its trust and confidence in her by touting her professionalism and expertise, and WaterFleet did so, to its detriment." (*Id.*)

In addition, the Amended Complaint alleges that WaterFleet paid Villano a hefty annual salary of $180,000, plus a discretionary bonus and benefits. (*Id.* ¶ 11.) Although such a large compensation package is not, by itself, proof of a confidential and fiduciary relationship, *plausible allegations* are all that is required at this stage, not proof. *See, e.g., Arnold v. Williams*, 979 F.3d 262, 268 (5th Cir. 2020) ("When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim[.]"). Villano's expensive compensation package reinforces WaterFleet's allegation that she was a high-level, trusted fiduciary and was paid commensurate with such a relationship.

Under Texas law, the Amended Complaint more than sufficiently alleges that Villano's relationship with WaterFleet was one of trust and confidence, such that she was WaterFleet's fiduciary. The Motion's arguments to the contrary should be rejected.

### b. The Motion Misapprehends Texas Law Regarding Employees' Fiduciary Duties To Their Employers

The Motion next contends that, even if Villano was WaterFleet's fiduciary, "Texas courts have consistently held at-will employees only owe two fiduciary duties to employers: (1) not to appropriate company trade secrets or confidential information; and (2) not to solicit the employer's customers or other employees to leave." (Mot. at 7.) But, here again, the Motion misapprehends Texas law. There is no such limitation under Texas law, as demonstrated below.

In purported support for its "only two duties" contention, the Motion cites the following: *Johnson*; *Diakiw v. Stites Mgmt., L.L.C.,* 693 S.W.3d 582, 598-99 (Tex. App.—Houston 2023*, pet. denied)*; *Heat Shrink Innovations, LLC v. Med. Extrusion Techs.-Texas, Inc.,* No. 02-12-005122-

6

CV, 2014 Tex. App. LEXIS 11494, *26 (Tex. App.—Fort Worth 2014, *pet. denied*); and *Abetter Trucking Co. v. Arizpe,* 113 S.W.3d 503, 511-512 (Tex. App.—Houston 2003*, no pet.).* But these cases are inapposite because, unlike here, they concerned employees who had engaged in competition with their employers either while still employed, after they left employment, or both. *Diakiw,* 693 S.W.3d 582 at 590 (employees took trade secrets and used them to form a competitor company); *Abetter Trucking Co.*, 113 S.W.3d at 507 (former employee solicited company employees); *Johnson*, 73 S.W.3d at 198 (at-will associate sued for referring prospective client to another law firm); *Heat Shrink,* 2014 Tex. App. LEXIS 11494, *26 (employee used trade secrets to prepare to compete). Here, however, Villano did not compete with WaterFleet and she is not accused of stealing WaterFleet's information, clients, or employees. Instead, she led WaterFleet to believe that she was ready, willing, and able to work, and was working, when she was not. The *Johnson, Diakiw,* and *Abetter* courts were not presented with this type of employee misconduct and so did not discuss or rule on the question of whether misconduct like Villano's constitutes a breach of fiduciary duty.

Further, although the Motion claims that *Johnson, Diakiw, Heat Shrink,* and *Abetter* held that at-will employees owe "only two fiduciary duties" to their employer, they did not. None of the three cases contain such a holding. To the contrary, they define "fiduciary" in broad terms that can be applied any person, including at-will employees under appropriate circumstances. For example, the *Diakiw* court stated as follows with respect to the fiduciary duties an employee owes to their employer:

> When a fiduciary relationship of agency exists between employee and employer, the employee has ***a duty to act primarily for the benefit of the employer in matters connected with his agency***. Among the agent's fiduciary duties to his principal are the duty not to compete with the principal on his own account in matters relating to the subject matter of the agency and the duty to deal fairly with the principal in all transactions between them. ***The employee has a duty to deal openly with the***

7

***employer and to fully disclose to the employer information about matters affecting the company's business.***

693 S.W.3d at 598 (emphasis added). Thus, rather than limiting an employee's fiduciary duties to only two, as the Motion contends, *Diakiw* and the Motion's other cases described those duties very broadly, including acting primarily for the employer's benefit, dealing openly with the employer in matters relating to the employer's business, and disclosure.

Consistent therewith, the Supreme Court in *Johnson* stated that the term "fiduciary" "applies to *any person* who occupies a position of peculiar confidence towards another." 73 S.W.3d 193 at 199 (emphasis added). The Court went on to state that a fiduciary is "subject to a duty to h[er] principal to act solely for the benefit of the principal in all matters connected with h[er] agency." *Id.* at 200. And the *Abetter* court held that "[w]hen a fiduciary relationship of agency exists between employee and employer, the employee has a duty to act primarily for the benefit of the employer in matters connected with his agency." 113 S.W.3d at 510; *accord Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283-84 (5th Cir. 2007) (interpreting *Johnson* and *Abetter* as imposing "a duty to deal openly with the employer and to fully disclose to the employer information about matters affecting the company's business").

The Motion's erroneous assertion of a purported "two duties" rule arises from the fact that the cases concerned employees stealing information, employees, and clients to compete with their employers. The general rule in Texas is that an employee may prepare to form a competing business while still employed and can use their general skills, knowledge, and experience in the competing business, provided that they (1) cannot solicit their employer's employees and customers until resignation, and (2) cannot use their former employer's confidential information or trade secrets to compete. *Johnson*, 73 S.W.3d at 201-02; *Diakiw*, 693 S.W.3d at 599; *Abetter Trucking Co.*, 113 S.W.3d at 512. Thus, what the Motion contends are "the only two" duties

employees owe their employers are, in fact, simply narrow exceptions to the general rule regarding an employee's legitimate right to prepare to compete and to do so after employment has ended. But the general rule and its two exceptions are wholly irrelevant to this case because Villano is not alleged to have stolen confidential or trade secret information, or to have improperly formed a competing business.

As demonstrated above, the Motion is incorrect that there are "only two fiduciary duties" an employee owes to their employer. Texas law does not define such duties narrowly but does so broadly, encompassing the duties of loyalty, honesty, and candor. In this case, WaterFleet has sufficiently alleged that Villano was WaterFleet's fiduciary and, in that capacity, had to act primarily for WaterFleet's benefit in matters relating to her employment, had to deal openly with it in matters relating to the employer's business, and had to disclose "information about matters affecting the company's business." *See, e.g., Dialiw,* 693 S.W.3d at 598. This included, without limitation, dealing openly and honestly with it about her work and working hours. *See, e.g., Klinge,* 2020 U.S. Dist. LEXIS 257070 at *4-*6 (denying motion to dismiss breach of fiduciary duty and fraud claims that alleged employee falsified and inflated hours worked).

### c. Plaintiff Made Partial Disclosures And Therefore Had A Duty To Disclose The Whole Truth And/Or New Information To WaterFleet

In addition to alleging that Villano had a duty of disclosure because she was WaterFleet's fiduciary, the Amended Complaint also sufficiently alleges—as an alternative basis for that duty—that she had a duty to disclose because she disclosed *partial* information to WaterFleet about her work and her working hours. Her partial disclosures triggered a duty to disclose the whole truth about her work and working hours, and any new information relating to same, so as to avoid giving WaterFleet a false impression. *Campbell*, 2007 Tex. App. LEXIS 8804, *11 (where one discloses partial information, there is a duty to disclose the whole truth and new information to avoid a false

9

impression). "A duty to speak arises by operation of law when . . . one party voluntarily discloses some but less than all material facts, so that he must disclose the whole truth, i.e., all material facts, lest his partial disclosure convey a false impression." *Union Pac. Res. Group, Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 586 (5th Cir. 2001) (applying Texas law).

The Amended Complaint alleges that Villano repeatedly "represent[ed] that she was working during normal company hours" by, among other things, making entries in her electronic work calendar that purported to show what work she was doing, on which days, and at what times. (Am. Compl. ¶¶ 2, 46.) As alleged, Villano knew that "WaterFleet, including her supervisors, had access to and relied on her calendar entries for scheduling meetings, deadlines, and other matters." (*Id.* ¶ 46.) Therefore, by telling WaterFleet—through her work calendar, among other means— what she was doing and when, she became obligated to tell WaterFleet the whole truth about her work and working hours including, without limitation, telling WaterFleet when she would be taking whole or partial workdays off. Therefore, even if she were not a fiduciary of WaterFleet (she was), the Amended Complaint sufficiently alleges that she had the duty to inform WaterFleet if she was not working during normal working hours, or was not ready, willing, or able to do her job.

### d. The Motion's Remaining Arguments Are Equally Meritless

In an attempt to obtain dismissal of WaterFleet's fraud by omission claim, the Motion next makes three equally meritless arguments: (1) the fraud by omission and frauds claim "exist solely as a byproduct of the employment agreement made the basis of this suit"; (2) there "is no basis in Texas law" for the proposition that an employee commits fraud by lying or failing to disclose to their employer about their work or working hours; and (3) employers cannot sue employees for

fraud if there is a written employment agreement. Each of these specious arguments is easily dispensed with.

The contention that the fraud claims "exist solely as a byproduct of the employment agreement made the basis of this suit" fails because it was not the employment agreement but Villano's status as a fiduciary and her partial disclosures that created a duty to tell WaterFleet the whole truth. Her duty of full disclosure thus arose independently of her employment agreement or WaterFleet's paid time off ("PTO") policy. Even if Villano had *no* employment agreement and *no* PTO policy, Villano's status as a fiduciary and her partial, incomplete disclosures about what work she was doing and when she was doing it would still have created a duty to inform WaterFleet of the whole truth.

The Motion next erroneously contends—without any citations or support—that "[t]he notion that an employee commits actionable fraud by failing to notify her employer of absences or failing to complete assigned projects has no basis in Texas law." (Mot. at 4.) But that is simply incorrect. *See, e.g., Klinge,* 2020 U.S. Dist. LEXIS 257070 at \*4-\*6 (motion to dismiss breach of fiduciary duty and fraud claims that alleged employee falsified and inflated hours worked).

Finally, the Motion suggests that, because an employment agreement exists, WaterFleet's *only* remedy for Villano's wrongdoing was to terminate her (which it did) or sue for breach of contract (which it also did). But the existence of an employment agreement does not negate all other claims or remedies, and the Motion fails to cite any case law supporting Villano's hypothesis that a breach of contract claim is the *sole* remedy for employee malfeasance. Certainly, the employer may terminate the employee's employment (as WaterFleet did here) for malfeasance but, in doing so, the employer does not thereby waive all of its other rights and remedies provided by Texas law—including the right to recover damages in a suit for fraud. *See, e.g., Brown v. GSC*

11

*Realty Corp.,* No. 05-92-02188-CV, 1994 Tex. App. LEXIS 3300, *52 (Tex. App.—Dallas 1994) (reversing summary judgment on a fraud claim that was based on misrepresentations in an employment agreement).

B.  **The Amended Complaint Alleges Sufficient Facts Regarding The Circumstances Of Villano's Fraud And Fraud By Omission**

The Motion contends that the fraud and fraud by omission claims should be dismissed because the Amended Complaint provides insufficient facts about the circumstances of Villano's wrongdoing. (Mot. at 5.) Specifically, the Motion asserts that WaterFleet failed to specify: (1) the dates and places of her unauthorized absences; and (2) what assignments Villano failed to do, who assigned them, and when Villano represented that she could and would do them. But the Motion demands more than the Rules require at the pleading stage of this case and, in all events, the Amended Complaint clearly alleges facts sufficient to defeat a motion to dismiss.

"Rule 9(b) was formulated to ensure that defendants can effectively respond to plaintiffs' allegations, to prevent the filing of baseless complaints to obtain discovery on unknown wrongs, and to protect defendants from unfounded allegations of wrongdoing which might injure their reputations." *Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 703 (S.D. Tex 2004) (citing *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 290 (S.D. Tex. 2001)). When conducting a Rule 9(b) inquiry, courts consider whether, "given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiently particular to satisfy" those purposes. *Jag Media Holdings Inc.*, 387 F. Supp. 2d at 703 (quoting *Mitchell*, 616 F. Supp. at 927).

As explained by the Fifth Circuit, Rule 9(b) "does not supplant Rule 8(a)'s notice pleading, which requires 'only enough facts to state a claim to relief that is plausible on its face.'" *IAS Servs.*

*Grp., L.L.C. v. Jim Buckley & Assocs.*, 900 F.3d 640, 647 (5th Cir. 2018) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not "reflect a subscription to fact pleading" and requires only "simple, concise, and direct" allegations of the "circumstances constituting fraud," which after *Twombly* must make relief plausible, not merely conceivable, when taken as true.

*U.S. ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

Accordingly, Rule 9(b) does not require "punctilious detail, and the particularity demanded by Rule 9(b) differs with the facts of each case.'" *Ogbonna v. USPLabs, LLC*, No. EP-13-CV-347-KC, 2014 U.S. Dist. LEXIS 79001, *8-10 (W.D. Tex June 10, 2014) (quoting *Norfolk S. Ry. Co. v. Trinity Indus., Inc.*, No. 3-07-CV-1905-F, 2008 U.S. Dist. LEXIS 110274, at *3 (N.D. Tex. Feb. 13, 2009). Moreover, where many of the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, "the pleading requirements of Rule 9(b) may be to some extent relaxed[.]" *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Some relaxation is appropriate here because there are facts that are peculiarly within Villano's and others' knowledge. Although WaterFleet was able to uncover some of her fraudulent activity and omissions based on its investigation, WaterFleet needs information from Villano and third parties to determine the full scope of her wrongdoing. Applying the foregoing standards, the Motion should be denied.

With respect to the dates and times of Villano's unauthorized "days off," the Amended Complaint alleges that Villano "blocked off multiple hours [on her electronic work calendar], and sometimes entire days, as reserved for 'focus time,' 'heads down,' and/or simply 'out of office,'" when, in reality, she was using these days to "perform little to no work for WaterFleet." (Am. Compl. ¶ 45.) Although WaterFleet's investigation is ongoing and discovery from Villano and others is needed to ferret out further details of her misconduct, the Amended Complaint alleges

13

that, based on a "review of the activity in Villano's WaterFleet email account, Microsoft Teams account, and CRM account, among other electronic platforms," Villano took at least eighty (80) days of unauthorized PTO without disclosing it to WaterFleet. (*Id*. ¶ 20.) Further, the Amended Complaint alleges examples of specific dates out of the over eighty (80) instances of fraud, and alleges that Villano was only employed for approximately a year. (*Id*. ¶¶ 10, 24 & 48.) These allegations are detailed, specific and more than suffice to put Villano on notice of the nature and basis for the claims, the period in which her fraudulent misconduct occurred and its frequency, and specific dates of her misconduct.

The aforementioned allegations, among others, when taken as true and construed in the light most favorable to WaterFleet on Defendant's Rule 12(b)(6) motion, clearly satisfy WaterFleet's pleading obligations under Rules 8(a) and 9(b). Rule 9(b) does not require WaterFleet to enumerate every date of every omission or fraudulent statement at this stage because such a requirement would run counter to Rule 8(a)'s notice pleading mandate, which "which requires 'only enough facts to state a claim to relief that is plausible on its face.'" *IAS Servs. Grp., L.L.C.*, 900 F.3d at 647; *see, e.g., Klinge,* 2020 U.S. Dist. LEXIS 257070 at *5 (satisfying the "when" criteria for Rule 9(b) particularity by alleging that, during defendant's employment in late 2019 and early 2020, defendant was falsely reporting hours worked.).

The Motion attempts to cast doubt on the truth of certain allegations in the Amended Complaint, which is improper on a Rule 12(b)(6) motion. *See, e.g., Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) ("the court must accept the facts in the complaint as true."). The Motion argues that WaterFleet "could plainly see whether [Defendant] was present in its office and whether tasks and assignments were being completed[.]" (Mot. at 5.) In essence, the Motion denies WaterFleet's allegation that it did not know that she was not working on certain workdays when

14

her calendar indicated that she was. (Am. Compl. ¶ 46.) This is improper on a Rule 12(b)(6) motion to dismiss because Villano is required to *accept as true* all well-pleaded factual allegations of the Amended Complaint. *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024). Further, by arguing that WaterFleet "could plainly see whether [Defendant] was present in its office and whether tasks and assignments were being completed," violate Rule 12(b)(6) by relying on purported facts outside the four corners of the pleading. *See George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) ("Going beyond the pleadings is . . . error.""). Accordingly, the Court should reject Villano's invitation to speculate as to the truth or falsity of WaterFleet's allegations.

C. **WaterFleet Has Sufficiently Pleaded Breach Of Fiduciary Duty (Count IV)**

For the reasons adduced in Section A(1)(a)-(b), above, the Court should deny the Motion as to the breach of fiduciary duty claim. There is no Texas rule that an at-will employee cannot be a fiduciary of their employer. The cases cited by Villano, in fact, state the opposite. As the Supreme Court in *Johnson* said, a fiduciary is "any person who occupies a position of peculiar confidence towards another." 73 S.W.3d 193 at 199. Here, Villano was hired to fill a role of special strategic importance. She was given access to WaterFleet's sensitive sales data and platforms. She was empowered with discretion and the authority to make decisions of significance on behalf of the business. She reported to the CEO. And she was paid handsomely. (*See* Section A(1)(b), *supra.*) There is no question that, based on the allegations of the Amended Complaint, WaterFleet placed special trust and confidence in her, rendering her its fiduciary.

In addition, as demonstrated above (Section A(1)(b)), Villano had the "duty to act primarily for the benefit of the employer in matters connected with [her] agency," *Abetter*, 113 S.W.3d at 510, and to "deal openly with the employer and to fully disclose to the employer information about matters affecting the company's business," *Diakiw,* 693 S.W.3d at 598. By deliberately misleading

15

WaterFleet about what work she was doing, whether she was actually working at all, and her willingness and ability to perform the important assignments with which she was entrusted, the Amended Complaint more than sufficiently alleges that Villano breached her fiduciary duties to the company.

## IV.  CONCLUSION

For the reasons set forth herein, Plaintiff WaterFleet respectfully requests the Court to enter an Order: (A) denying the Motion in its entirety; and (B) granting WaterFleet such other and further relief as is appropriate.

This 7th day of November, 2025.

                                          */s/ Courtney D. Tedrowe*
                                          Courtney D. Tedrowe,
                                          One of Its Attorneys

| | |
|---|---|
| Courtney D. Tedrowe (*pro hac vice*) | Eric A. Johnston |
| Nathan W. Celestine (*pro hac vice*) | Texas Bar No: 24070009 |
| MICHAEL, BEST & FRIEDRICH, LLP | MICHAEL, BEST & FRIEDRICH, LLP |
| 444 West Lake Street, Suite 3200 | 515 Congress Ave., Suite 2500 |
| Chicago, IL 60606 | Austin, Texas 78701 |
| Ph: 312.596.5852 | Ph: (512) 320-0601 |
| Fax: 312.222.0818 | Fax: (877) 398-5240 |
| cdtedrowe@michaelbest.com | *eric.johnston@michaelbest.com* |
| nathan.celestine@michaelbest.com | *Counsel for Plaintiff WaterFleet LLC* |

16

# CERTIFICATE OF SERVICE

The undersigned, an attorney for Plaintiff, certifies that on November 7, 2025, a true and correct copy of the foregoing ***Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*** was served on all parties who are of record via ECF and via email to Defendant's counsel,

>Trenton Lacy
>Kaplan Law Firm, PLLC
>2901 Bee Cave Rd., Suite G
>Austin, TX 78746
>tlacy@kaplanlawatx.com

>By: /s/ *Courtney D. Tedrowe*
>MICHAEL, BEST & FRIEDRICH, LLP
>444 West Lake Street, Suite 3200
>Chicago, IL 60606
>Ph: 312.596.5822
>Fax: 312.222.0818
>*cdtedrowe@michaelbest.com*