# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WATERFLEET, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 5:25-CV-01090 |
| v. | § § | Judge Micaela Alvarez |
| | § | Magistrate Judge Henry J. Bemporad |
| CARIE L. VILLANO, | § § | |
| Defendant. | § § | |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

The causes of action asserted by plaintiff in this case, and the elements of each asserted cause of action, are as follows:

- Breach of Contract:
    a. A valid, binding contract exists between the parties;
    b. Plaintiff performed or tendered performance as required by the contract;
    c. Defendant breached the contract by failing to perform or tender performance as required by the contract;
    d. Plaintiff suffered damages due to defendant's breach.

- Fraud by Omission:
    a. Defendant failed to disclose facts to plaintiff when defendant had a duty to disclose such facts;
    b. The facts were material;
    c. Defendant knew of the facts;
    d. Defendant knew plaintiff was ignorant of the facts and did not have an equal opportunity to discover the truth;
    e. Defendant was deliberately silent and failed to disclose the facts with the intent to induce plaintiff to take some action;
    f. Plaintiff relied on the omission;
    g. Plaintiff suffered injury as a result.

- Fraud:
    a. Defendant made a material misrepresentation of fact;
    b. Defendant's misrepresentation of fact was false;
    c. When Defendant made the misrepresentation, she knew it was false (or made the misrepresentation recklessly without knowledge of its truth or falsity, and as a positive assertion);
    d. Defendant made such misrepresentation with the intent that it would be acted upon by plaintiff;
    e. Plaintiff acted in reliance of defendant's misrepresentation;
    f. Plaintiff suffered injury as a result.

- Breach of Fiduciary Duty:
    a. A fiduciary relationship existed between plaintiff and defendant;
    b. Defendant breached a fiduciary duty to the plaintiff;
    c. Defendant's breach resulted in an injury to the plaintiff or a benefit to defendant.

- Declaratory Judgment:
    a. Plaintiff has standing to bring the declaratory action;
    b. There is an actual controversy between plaintiff and defendant;
    c. The controversy will actually be resolved by the judicial declaration sought.

There are no counterclaims because defendant has not answered the amended complaint based on the outcome of its pending motion to dismiss for failure to state a claim as to several of Plaintiff's causes, which she contends are inadequately pled. Plaintiff also anticipates bringing state and federal antidiscrimination and antiretaliation counterclaims.

**2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

*a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.*

The Parties agree that the amount in controversy exceeds $75,000.

*b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?*

The Parties have confirmed that plaintiff's members, on the one hand, and defendant, on the other hand, are citizens of different states, and that diversity of citizenship exists.

**3.     Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties at this time.

**4.     Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

A valid, binding employment contract existed between plaintiff and defendant; any admissions indicated in Plaintiff's Answer.

**5.     Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The Parties are not aware of any legal issues that can be narrowed at this time.

**6.     Are there any issues about preservation of discoverable information?**

The Parties do not anticipate any such issues at this time.

**7.     Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The Parties do not anticipate any such issues at this time. Documents will be produced in compliance with an agreed-upon ESI protocol, which will be submitted to the Court.

**8.     What are the subjects on which discovery may be needed?**

Plaintiff anticipates discovery will be needed on the following subjects: Defendant's calendars; Defendant's work projects; communications regarding Defendant's whereabouts and performance; Defendant's social media accounts; Defendant's knowledge about Plaintiff's PTO and other employment policies; Defendant's business affiliations outside of Plaintiff, including but not limited to Mango K. Holdings, and any other business interests and/or sources of income; Defendant's written and verbal communications relating to her employment with Plaintiff.

**Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Initial disclosures have been made.

**9.     What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

Other than the initial disclosures referenced in Paragraph 8 above, no discovery has been completed at this time. Plaintiff served document requests and interrogatories on defendant. Defendant has not yet answered. All discovery, including all written fact discovery and witness

depositions, and expert discovery and related depositions, remains to be completed. The Parties anticipate all fact discovery to be completed by June 16, 2026, and all expert witness discovery to be completed by September 30, 2026.

**10. What, if any, discovery disputes exist?**

No discovery disputes exist at this time.

**11. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties have not done so at this time.

**12. Have the parties discussed early mediation?**

The Parties have not done so at this time; the Parties were unsuccessful at a pre-suit mediation.

**13. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

There may be the need for a confidentiality and protective order, but the parties believe it is premature to enter one now. The parties are unaware of any other scheduling or discovery issues requiring the Court's attention.

| | |
|---|---|
| _/s/ Courtney D. Tedrowe_ | 12/12/2025 |
| Counsel for Plaintiff | Date |
| _/s/ Trenton Lacy_ | 12/12/2025 |
| Counsel for Defendant | Date |