**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| WATERFLEET LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. SA—25-CV-01090 |
| | ) | |
| v. | ) | Judge Michaela Alvarez |
| | ) | Magistrate Judge Henry J. Bemporad |
| CARIE L. VILLANO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON VILLANO'S MOTION TO DISMISS**

In accordance with 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure ("Rule") 72, Plaintiff-Counterdefendant WaterFleet, LLC ("WaterFleet" or "Plaintiff"), by and through its undersigned counsel of record, respectfully objects to that certain part—and only to that part—of the Magistrate Judge's Order dated August 5, 2026 (Dkt. 52, the "Order") that recommends dismissal of Count IV of WaterFleet's Amended Complaint in this action.

## I. PERTINENT FACTS

On September 2, 2025, WaterFleet discharged Villano for cause and commenced this action based on gross misconduct, breach of fiduciary duties, fraud, and other wrongdoing that she committed while she was WaterFleet's Sales Operations Manager, a highly compensated and trusted employee who reported directly to WaterFleet's CEO. (Dkts. 1 & 12.) Unbeknownst to WaterFleet, however, Villano had unilaterally taken large swaths of time off work without authorization, and she was unwilling and/or unable to perform any of the important tasks she was assigned. Among other claims, WaterFleet brought a claim for breach of Villano's fiduciary duties of loyalty and candor. (*Id.*)

The Amended Complaint alleges the following:

- Villano was WaterFleet's "former trusted and highly compensated Sales Operations Manager[.]" (Am. Compl. ¶ 1.)
- "WaterFleet gave Villano a substantial amount of responsibility, detailed in her written job description and employment agreement." (*Id.* ¶ 2.)
- Villano initially reported directly to the Chief Executive Officer of WaterFleet. (*Id.* ¶ 12.)
- Only the CEO could modify Villano's work duties. (¶ 12.)
- Villano's duties were extremely important to WaterFleet and involved the exercise of independent judgment in matters of significance including being "responsible for driving the success of WaterFleet's sales processes and enablement tools, reporting and analytics programs, and leading initiatives to improve the effectiveness of the sales team to grow profitable revenue." (*Id.*, Ex. B at 1.)
- Villano was provided and/or had access to extensive information regarding WaterFleet's sales, customers, customer relationship management platform, profitability, and other highly sensitive information about WaterFleet. (*Id.* ¶ 15.)
- Villano's position as Sales Operations Manager was a "role of critical strategic importance to the company[.]" (*Id.* ¶ 21.)
- WaterFleet was counting on Villano and her "purported expertise in sales, sales management, market analysis and development, and CRMs to help WaterFleet achieve certain of its core business objectives." (*Id.*)
- "Villano encouraged WaterFleet to put its trust and confidence in her by touting her professionalism and expertise, and WaterFleet did so, to its detriment." (*Id.*)

The Amended Complaint alleges specific facts concerning the nature of the relationship between WaterFleet and Villano, including allegations that WaterFleet entrusted Villano with significant responsibility, discretion, and access to sensitive company information. Although the Order acknowledged these allegations, it concluded that they were not sufficient to pass muster on a Rule 12(b)(6) motion because they did not plausibly allege a special relationship that existed prior to and apart from the employment agreement. (Dkt. 52 at 7-8.) WaterFleet contends that this was erroneous.

## II. APPLICABLE LEGAL STANDARDS

A Magistrate Judge's recommendations on a motion to dismiss is subject to *de novo* review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016). In conducting this review, the Court must independently evaluate the pleadings and applicable law and need not defer to the magistrate judge's legal conclusions. *See Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013). A recommendation on a motion to dismiss should be rejected where it rests upon an erroneous legal standard or misapplication of governing law. *Id.*

When considering a Rule 12(b)(6) motion to dismiss, courts must "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff[.]" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)). A court should not dismiss a claim if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible if the plaintiff alleges facts that, accepted as true, allow a court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

## III. ARGUMENT

The recommendation to dismiss Count IV should not be adopted because it erroneously required allegations of a relationship between WaterFleet and Villano predating the parties' employment agreement and relationship. In this respect, it imposes a pleading requirement that should not have been imposed, because Texas law does not require it. And, further, the Amended Complaint pleads numerous specific facts that—if accepted as true and construed in WaterFleet's

favor—could support a finding in WaterFleet's favor on a breach of fiduciary duty claim. *Ashcroft*, 556 U.S. at 678.

## A. The Order Applied An Erroneous Test For Pleading A Fiduciary Relationship In This Case

### 1. As A Trusted Employee And Agent of WaterFleet, Villano Owed WaterFleet the Duties of Loyalty and Candor

The Texas Supreme Court has held that a fiduciary relationship "applies to any person who occupies a position of peculiar confidence towards another. It refers to integrity and fidelity. It contemplates fair dealing and good faith, rather than legal obligation, as the basis of the transaction." *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002). Texas courts have repeatedly recognized that employees may owe fiduciary duties to their employers. *Id.* at 199-200; *Molex, Inc. v. Nolen*, 759 F.2d 474, 479 (5th Cir. 1985) (applying Texas law and recognizing a fiduciary relationship between an employer and employee); *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (affirming fiduciary duty arising from employee-employer relationship); *Pfeiffer v. Ajamie PLLC*, 469 F. Supp. 3d 752, 761 (S.D. Tex. 2020) ("Any employee who occupies a position of trust owes fiduciary duties to his employer."); *Kinzback Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 572 (Tex. 1942) (finding that salesman employee of plaintiff was a fiduciary because he rendered services for his employer). Thus, the fact that Villano was WaterFleet's employee does not mean she owed no duty of candor to it.

As an employee of WaterFleet, Villano was WaterFleet's agent. *Salas v. Total Air Servs., LLC*, 550 S.W.3d 683, 691 (Ct. App. Tex. 2018) (finding that the employer and employee relationship are a species of the formal principal-agent relationship) (citing Restatement (Third) Agency § 1.01 (Am. Law Inst. 2005) ("The elements of common-law agency are present in the relationships between employer and employee[.]").) "Under the common law of most jurisdictions,

including Texas, agency is also a special relationship that gives rise to a fiduciary duty." *Johnson*, 73 S.W.3d at 199. And, as the Supreme Court stated in *Johnson,* "[u]nless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency." *Id.* Thus, as the Texas Supreme Court recognized, an employee like Villano—*as the employer's agent*—has the duty to act solely for the benefit of the principal in all matters connected with the agency. As explained below, that duty includes the duty of candor to the employer with respect to matters relating to the employment.

In holding that "agency is also a special relationship that gives rise to a fiduciary duty," the Texas Supreme Court explicitly cited and relied on section 387 the Restatement (Second) of Agency. *Johnson*, 73 S.W.3d at 200 n.13; *see also id.* at 200 n.14 (quoting and citing to the comments to section 387 which states, "[t]he agreement to act on behalf of the principal causes the agent to be a fiduciary, that is, a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking."). Thus, the Texas Supreme Court has adopted section 387 of the Restatement (Second) of Agency. Further, comment (b) to that section explains that the agent's "duties of loyalty to the interests of his principal ***are the same as those of a trustee to his beneficiaries***," citing to section 170 of the Restatement of Trusts. *See* Restatement (Second) of Agency § 387 cmt.b (1958). Section 170 of the Restatement of Trusts, in turn, identifies the following duty of a trustee to a beneficiary:

> The trustee in dealing with the beneficiary on the trustee's own account is under a duty to the beneficiary ***to deal fairly*** with him ***and to communicate to him all material facts*** in connection with the transaction which the trustee knows or should know.

Restat. (First) of Trusts § 170 (1935) (emphasis added).

What the foregoing demonstrates is that, in Texas, employees are agents of their employers and, as agents, they have the same duty of candor to their employers that trustees have to their

beneficiaries. As such, Texas imposes a duty of loyalty on an employee, as an agent of the employer, to deal fairly with the employer and to communicate all material facts in connection with the employment relationship that the employee knows or should know. *See also Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 510 (Tex. App. 2003) ("The employee has a duty to deal openly with the employer and to fully disclose to the employer information about matters affecting the company's business."); *Bray v. Squires*, 702 S.W.2d 266, 270 (Tex.App.-Houston [1st Dist.] 1985, no writ) ("[E]ach lawyer had a duty to deal openly and to make full disclosure to the other members of the firm about matters affecting the firm's business. Indeed, this duty was an incident to the parties' employer-employee relationship.").

**2. <u>The Cases Cited In the Order Are Distinguishable Or Inapposite</u>**

Notwithstanding the foregoing, the Order recommends dismissal on the grounds that, for a fiduciary relationship to exist, "the parties must have had a special relationship of trust and confidence that existed prior to, and apart from, the agreement made the basis of the suit." (Dkt. 52 at 8 (internal quotes omitted; quoting *Gregan v. Kelly,* 355 S.W.3d 223, 229 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). According to the Order, "such a prior relationship must have consisted of more than 'arms-length transactions that were entered into for the parties' mutual benefit.'" (*Id.* (quoting *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 694-95 (S.D. Tex. 2020).) The Order found that WaterFleet's allegations did not plausibly allege that "WaterFleet and Villano had a special relationship 'before and separate from the [employment] agreement made the basis of this suit.'" (*Id.* (quoting *Gregan*, 355 S.W.3d at 230).) But the Order erred in requiring allegations of a special relationship "before and separate from" Villano's employment, and the cases cited in the Order do not support imposition of that requirement. Each of the cases cited in the Order (at 7-8) are addressed below.

The case *Su v. Gaya Won, LLC,* did not involve or address *any* breach of fiduciary duty claim whatsoever. *See* 2024 WL 5301787, at *11 (S.D. Tex. Dec. 23, 2024), report and recommendation adopted, 2025 WL 50261 (S.D. Tex. Jan. 7, 2025). In all events, the *Su* court acknowledged in *dicta* that "[e]mployees can sometimes owe their employers certain limited fiduciary duties[.]" *Id.* Likewise, in *D'Onofrio* the court expressly recognized that "under common-law principles of agency" employees have limited fiduciary duties to the employer. *D'Onofrio v. Vacation Publ'ns, Inc*., 888 F.3d 197, 216 (5th Cir. 2018)) (finding that employee had a limited duty not to compete).

The case *GDL Brokerage Inc. v. Flambeau, Inc*., 2020 WL 13413467, at *3 (S.D. Tex. Feb. 24, 2020) is easily distinguished from the instant case because the employee in *GDL Brokerage* "was one of several employees in GDL's warehouse who provided distribution services to Flambeau, such as 'repackaging Flambeau's shipments and shipping them to Flambeau's customers.'" *Id.* Under the specific facts of *GDL Brokerage,* the court found that the employee's "job description [] plainly insufficient to engender a fiduciary relationship." *Id.* Here, however, WaterFleet alleged far more substantial and consequential responsibilities with which Villano was entrusted. (*See* Section I, *supra.*)

The court in *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634 (5th Cir. 2007) stated only the general principle that "employers generally do not owe fiduciary duties to their employees" and noted that the plaintiff had failed to cite a "case that supports his notion that the mere existence of an employer/employee relationship creates a fiduciary duty under the circumstances presented in this appeal." *Id.* at 639–40. In fact, the *Meadows* case did not cite or address the Texas Supreme Court's opinion in *Johnson,* the leading Texas case on this issue.

The Fifth Circuit case, *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277 (5th Cir. 2007), actually supports WaterFleet, not Villano. In *Navigant,* the court stated that "[w]hen a fiduciary relationship of agency exists between employee and employer, the employee has a duty to act primarily for the benefit of the employer in matters connected with his agency." *Id.* at 283. Moreover, unlike *Meadows,* the court cited *Johnson* and other Texas cases in which the following was recognized:

> Among the agent's fiduciary duties to his principal are the duty not to compete with the principal on his own account in matters relating to the subject matter of the agency and the duty to deal fairly with the principal in all transactions between them. ***The employee has a duty to deal openly with the employer and to fully disclose to the employer information about matters affecting the company's business.***

*Id.* at 283-84 (emphasis added).

The *Gregan* case is wholly inapposite because in that case it was the employee who claimed that the employer was his fiduciary, not the other way around. Effectively, the claim was that the principal owed fiduciary duties to the agent —flipping the principal-agent relationship on its head and thus requiring more than an agent-principal relationship. *Id.* at 225, 229-30. Similarly, *R.P. Small Corp.* is inapposite because it did not concern any employer-employee relationship at all but, rather, a long-term business relationship. 505 F. Supp. 3d at 694.

In making the recommendation to dismiss the breach of fiduciary duty claim against Villano—WaterFleet's highly compensated and trusted sales operations manager and agent—the Order erroneously imposed a pleading requirement that is not recognized by Texas law, namely, that WaterFleet has to plead that a "special relationship" existed between it and Villano "prior to, and apart from, the [employment] agreement made the basis of this suit." (Dkt. 52 at 8.) Respectfully, that was in error and for that reason the Court should not accept the recommendation to dismiss WaterFleet's breach of fiduciary duty claim

.

**B. Applying the Rule 12(b)(6) Motion Standard, The Court Should Not Dismiss WaterFleet's Breach of Fiduciary Duty Claim**

Even if the Court harbors doubt about whether WaterFleet can *ultimately prove* its breach of fiduciary duty claim, the Order's recommendation should nevertheless be rejected because, at this stage, WaterFleet need only allege facts that plausibly state a claim for relief. *Ashcroft,* 556 U.S. at 678. WaterFleet clearly has done so.

The Amended Complaint alleges numerous facts supporting the existence of a fiduciary relationship. WaterFleet alleges that Villano was its trusted and highly compensated Sales Operations Manager; that she reported directly to WaterFleet's CEO; that only the CEO could modify her responsibilities; that she occupied a role of "critical strategic importance" to the company; that she exercised independent judgment in matters of significance; that she had access to highly confidential information regarding WaterFleet's customers, profitability, and sales operations; and that WaterFleet entrusted her with substantial responsibilities because of her purported expertise and professionalism. (Am. Compl. ¶¶ 1, 2, 12, 15, 21.) The Amended Complaint further alleges that Villano encouraged WaterFleet to place its trust and confidence in her and that WaterFleet did so to its detriment. (*Id.* ¶ 21.)

Accepting those allegations as true, a reasonable inference arises that Villano occupied a position of peculiar trust and confidence within WaterFleet and therefore owed fiduciary duties to her employer. WaterFleet reposed substantial trust and confidence in Villano by placing her in a senior management role with direct access to the CEO, broad discretionary authority, and access to sensitive company information.

Rule 12(b)(6) requires that inferences be drawn in WaterFleet's favor. Whether Villano's position, responsibilities, and relationship with WaterFleet ultimately gave rise to fiduciary

obligations is a fact-intensive question that cannot be resolved on a motion to dismiss. *Arnold*, 979 F.3d at 268 ("When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim."). Accordingly, looking at the alleged facts in the light most favorable to the nonmovant, WaterFleet, this Court should find that WaterFleet pleaded facts sufficient to support a finding that a fiduciary relationship existed between Villano and WaterFleet, and should allow Count IV to proceed.

## IV. CONCLUSION

For these reasons, WaterFleet requests that the Court enter an Order: (A) rejecting the recommendation in the Order (Dkt. 52) but only as to WaterFleet's breach of fiduciary duty claim against Villano; (B) accepting the recommendations in the August 4, 2026 Order in all other respects; and (C) granting WaterFleet such other and further relief as is appropriate.

Dated: August 19, 2026

Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**

/s/ *Courtney D. Tedrowe*
Courtney D. Tedrowe (pro hac vice)
Michael Best & Friedrich LLP
444 West Lake Street Suite #3200
Chicago, Illinois 60606
P: 312.222.0800
F: 312.222.0818
*cdtedrowe@michaelbest.com*
*Counsel for Plaintiff WaterFleet LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 19, 2026, a true and correct copy of the foregoing ***Plaintiff's Partial Objection to the Magistrate Judge's Report and Recommendation On Villano's Motion to Dismiss*** was served upon all counsel of record via ECF.

/s/ *Courtney D. Tedrowe*
Courtney D. Tedrowe (pro hac vice)
Michael Best & Friedrich LLP
444 West Lake Street Suite #3200
Chicago, Illinois 60606
P: 312.222.0800
F: 312.222.0818
*cdtedrowe@michaelbest.com*