FILED
September 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WATERFLEET, LLC | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| v. | § | 5:25-CV-01090-MA |
| | § | |
| CARIE L. VILLANO | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |
| | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court previously referred Defendant/Counter Plaintiff Carie Villano's ("Villano") "Partial Motion to Dismiss Plaintiff's First Amended Complaint Under Federal Rule Civil Procedure 12(b)(6)"[1] and Plaintiff/Counter-Defendant Waterfleet, LLC's ("Waterfleet") "Motion to Dismiss Defendant Counterplaintiff's Amended Counterclaims"[2] to United States Magistrate Judge Henry J. Bemporad for a Report and Recommendation ("R&R"). Judge Bemporad has now issued that R&R[3] recommending that the Court:

- Dismiss WaterFleet's claim for breach of fiduciary duty while allowing its fraud claims to proceed;
- Dismiss Villano's federal and state-law claims for sex-based disparate treatment, hostile work environment, and age discrimination;

[1] Dkt. No. 16.
[2] Dkt. No. 33.
[3] Dkt. No. 52.

- Dismiss Villano's retaliation claims to the extent they arise from her demotion and the reduction of her job duties; and
- Allow Villano's associational-disability-discrimination claim and her retaliation claim arising from her termination to proceed.

Within the fourteen-day objection period, Waterfleet has filed objections to the R&R[4] and Villano has timely filed a response.[5]

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed de novo the R&R to which objections were properly made.

The Court briefly addresses Waterfleet's objection to the magistrate judge's statement that an informal fiduciary relationship in a business setting requires a special relationship of trust and confidence existing "prior to, and apart from, the agreement made the basis of the suit."[6] Waterfleet correctly observes that, under current precedent, a preliminary relationship is not a prerequisite to the formation of an informal fiduciary relationship between an employer and employee.[7] However, that point does not resolve the dispositive issue of whether Waterfleet plausibly alleges that an informal fiduciary relationship existed between Waterfleet and Villano when the events alleged in this action occurred. As the magistrate judge's analysis makes clear, the recommendation to dismiss WaterFleet's breach-of-fiduciary-duty claim rested on the conclusion that WaterFleet had not alleged that Villano occupied a position of such exceptional

---

[4] Dkt. No. 54.
[5] Dkt. No. 55; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.
[6] Dkt. No. 54 (citing Dkt. No. 52, at 8 (quoting *Gregan v. Kelly*, 355 S.W.3d 223, 229 (Tex. App.— Houston [1st Dist.] 2011, no pet.))).
[7] *See* Dkt. No. 54, at 7–8 (distinguishing *Gregan*, 355 S.W.3d at 229; *Su v. Gaya Won, LLC*, 2024 WL 5301787, at *11 (S.D. Tex. Dec. 23, 2024), *report and recommendation adopted*, 2025 WL 50261 (S.D. Tex. Jan. 7, 2025); *GDL Brokerage Inc. v. Flambeau, Inc*., 2020 WL 13413467, at *3 (S.D. Tex. Feb. 24, 2020); *Meadows v. Hartford Life Ins. Co*., 492 F.3d 634 (5th Cir. 2007); *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277 (5th Cir. 2007))).

responsibility as to create an informal fiduciary relationship between the parties.[8] For the reasons the magistrate judge previously explained, the Court further agrees that Villano's status as an "agent" entrusted with "substantial" authority, standing alone, did not give rise to a fiduciary duty of candor owed to WaterFleet.[9] Accordingly, the Court concludes that the magistrate judge did not err in finding that WaterFleet failed to plausibly allege an informal fiduciary relationship with Villano and, consequently, in recommending dismissal of WaterFleet's breach-of-fiduciary-duty claim.

As to those portions of the R&R to which no objections were made, the Court has reviewed them to determine whether they are clearly erroneous or contrary to law. Finding no error, the Court hereby **ADOPTS IN WHOLE** Judge Bemporad's Report and Recommendation.[10]

Accordingly, Villano's Partial Motion to Dismiss First Amended Complaint[11] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to WaterFleet's breach-of-fiduciary-duty claim, which is **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects. WaterFleet's Motion to Dismiss Amended Counterclaims[12] is further **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Villano's sex-discrimination and age-discrimination claims, which are **DISMISSED WITH PREJUDICE**. The motion is also **GRANTED** as to Villano's retaliation claims to the extent they are based on allegations

[8] *See* Dkt. No. 52, at 8 (quoting Dkt. No. 12, at 1–6).
[9] *See* Dkt. No. 54, at 4–5 (citing *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002); *Molex, Inc. v. Nolen*, 759 F.2d 474, 479 (5th Cir. 1985); *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007); *Pfeiffer v. Ajamie PLLC*, 469 F. Supp. 3d 752, 761 (S.D. Tex. 2020); *Kinzback Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 572 (Tex. 1942)).
[10] Dkt. Nos. 52, at 8; 55, at 4–5.
[11] Dkt. No. 16.
[12] Dkt. No. 33

concerning her demotion or the reduction of her job duties; those claims are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

Accordingly, this action will proceed on WaterFleet's claims for breach of contract, fraud, fraud by omission, and declaratory judgment, as well as Villano's counterclaims for breach of contract, violations of the FMLA, associational disability discrimination, and declaratory judgment. Villano's retaliation claims will also proceed to the extent they are predicated on her termination.

IT IS SO ORDERED.

DONE this 9th day of September, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE